UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| GELUE GAMEZ § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action No. 1:22-cv-00468 | |
| § | | |
| BRANDSAFWAY, LLC § | JURY TRIAL DEMANDED | |
| § | | |
| *Defendant*. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

GELUE GAMEZ ("Ms. Gamez" or the "Plaintiff") hereby brings this Complaint against BRANDSAFWAY, LLC ("BrandSafway" or "Defendant") and in support thereof respectfully shows the Court the following:

### INTRODUCTION

1.  Ms. Gamez worked for BrandSafway at the Valero facility in Port Arthur, Texas as a Safety Tech. In this role, Ms. Gamez received an "Above Average" evaluation rating on all applicable performance categories. Ms. Gamez did not receive written counseling or discipline. However, BrandSafway demoted Ms. Gamez, who is Hispanic and foreign-born (Honduran), to a Carpenter, purportedly because it needed to reduce manpower. The following day, BrandSafway promoted another employee, with less safety experience, to Safety Tech. The employee who replaced Ms. Gamez is White and American. Ms. Gamez refused to sign the formal documentation, noting her opposition to the demotion. BrandSafway terminated Ms. Gamez's employment.

1

2. As described below in more detail, BrandSafway's actions constitute unlawful discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* and the Texas Commission on Human Rights Act, Tex. Labor Code 21.001, *et. seq.*

## PARTIES

3. Ms. Gamez is an individual who resides in Jefferson Parish, Louisiana.

4. BrandSafway, LLC is a foreign limited liability company whose business address is 1325 Cobb International Drive, Ste. A-1, Kennesaw, Georgia 30152 and may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Ms. Gamez's causes of action arise under federal statutes. Specifically, Ms. Gamez brings causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Ms. Gamez's similar state causes of action under the Texas Commission on Human Rights Act, Tex. Labor Code 21.001, *et. seq.*, because such causes of action are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

7. Venue is proper in the Eastern District of Texas – Beaumont Division pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district where a substantial part of the events or omissions giving rise to Ms. Gamez's claims occurred.

8. This Court has jurisdiction over all claims in this action. The amount of controversy is within the jurisdictional limits of this Court.

**ADMINISTRATIVE PROCEDURES**

9. On March 3, 2022, Ms. Gamez filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission Civil Rights Division ("TWC"), alleging that BrandSafway discriminated against her based on her race and national origin and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and the Texas Commission on Human Rights Act, TEX. LABOR CODE 21.001, *et. seq*. The EEOC issued a Notice of Right to Sue dated October 12, 2022. Ms. Gamez files this lawsuit within ninety-days of receiving the Notice. Therefore, Ms. Gamez's claims under Title VII of the Civil Rights Act of 1964 are timely filed.

10. This lawsuit is also being filed within the required time limits of the Texas Commission on Human Rights Act, TEX. LABOR CODE §§ 21.201-.202, .208, .256. The above-referenced Charge of Discrimination was filed within 180-days of the actions being complained of in this lawsuit, and this lawsuit is being filed more than 180-days, but less than two years, after the Charge was filed with the TWC.

**FACTUAL ALLEGATIONS**

11. BrandSafway is a multi-service contractor providing services such as insulation, asbestos, abatement, mold remediation, painting, sandblasting, and scaffold construction, as well as associated safety services to its customers.

12. On or about May 28, 2021, Ms. Gamez began working for BrandSafway in Beaumont, Texas at the NatGas facility as a Carpenter.

13. Ms. Gamez is Hispanic and foreign-born (Honduran). She speaks English with a noticeable accent.

14. Ms. Gamez had prior experience working in safety functions. Specifically, Ms. Gamez had worked as a Safety Tech at various other companies. Ms. Gamez held numerous certifications, including, National Center for Construction Education and Research (NCCER) certifications in Construction Site Safety Technician (CSST), Construction Site Safety Supervisor (CSSS), Field Safety and Safety Technology. Ms. Gamez also held various NCCER Safety & Hazard Awareness trainings and certifications, safety and leadership certificates and credentials, and Occupational Safety and Health Act (OSHA) training in the construction industry.

15. After a few weeks, Ms. Gamez began working as a Safety Assistant.

16. Ms. Gamez learned that the Construction Manager, Michael Harris, refused to authorize an associated raise. Ms. Gamez observed Mr. Harris reacting dismissively toward her, both regarding her presence and input when she spoke regarding work matters. At times Mr. Harris feigned not understanding Ms. Gamez's input because of her accent.

17. On or about October 11, 2021, Ms. Gamez began working for BrandSafway at the Valero facility in Port Arthur, Texas as a Safety Tech.

18. On October 21, 2021, Ms. Gamez's supervisor, Safety Manager Adrian Garza, rated Ms. Gamez "Above Average" on all applicable performance categories.

19. At some point thereafter, Mr. Harris became aware that Ms. Gamez had been assigned to the Safety Tech position and expressed disagreement. Subsequently, Mr. Garza asked Ms. Gamez to begin training Tori Rhame on safety functions. At the time, Ms. Rhame, a Scaffold Lead, did not have the same or more experience in safety functions as Ms. Gamez. Similarly, Ms. Rhame did not have the same number or more certifications than Ms. Gamez.

20. A few weeks later, on December 8, 2021, Project Manager Luis Madrigal spoke to Ms. Gamez over telephone. He stated that, although he did not understand the reasoning, Mr. Harris asked him to demote Ms. Gamez to Carpenter and promote Ms. Rhame to Safety Tech.

21. Later that afternoon, Mr. Madrigal met with Ms. Gamez in person and reiterated her demotion, providing associated documentation. Mr. Madrigal also presented Ms. Gamez with a Team Member Evaluation, again reiterating her "Above Average" performance in all pertinent categories, indicating that that there had been no decline in Ms. Gamez's performance since the prior evaluation on October 21, 2021.

22. Ms. Gamez refused to sign the documentation, instead writing, "I refuse to sign because I have all my safety certifications and I don't think its wright [sic] for me to get dropped down to carpenter level." Ms. Gamez further noted her opposition to the demotion, Ms. Rhame's promotion, and the related circumstances. BrandSafway did not consider or investigate Ms. Gamez's concerns.

23. Rather, BrandSafway terminated Ms. Gamez because she would not agree to the demotion. On the formal notice, BrandSafway designated the termination as a "layoff," and again reiterated Ms. Gamez's "Above Average" performance. The document further states that BrandSafway demoted Ms. Gamez "from Safety Tech to Carpenter by Michael Harris due to cutting down manpower."

24. The following day, however, BrandSafway approved Ms. Rhame's promotion to the Safety Tech position at Ms. Gamez's former pay rate.

### COUNT 1 - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
*DISCRIMINATION*

25. Ms. Gamez incorporates all allegations contained in the foregoing paragraphs.

26. BrandSafway is an employer within the meaning of Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII"). 42 U.S.C. § 2000e(d). Ms. Gamez is an employee under Title VII. 42 U.S.C. § 2000e(f).

27. Ms. Gamez belongs to protected classes under Title VII, 42 U.S.C. § 2000e-2, based on her race and national origin (Hispanic and foreign-born/Honduran).

28. BrandSafway discriminated against Ms. Gamez in violation of Title VII based on Ms. Gamez's race and national origin by refusing to approve a raise for the Safety Assistant position; demoting her from Safety Tech to Carpenter; and terminating Ms. Gamez's employment.

29. To the extent that BrandSafway claims that Ms. Gamez resigned her employment, BrandSafway's discriminatory demotion made Ms. Gamez's working conditions so intolerable that a reasonable employee would feel compelled to resign and, as a result, constructively discharged Ms. Gamez.

30. BrandSafway's actions were intentional and done with malice or with reckless indifference to Ms. Gamez's protected rights.

31. BrandSafway's violations of Title VII damaged Ms. Gamez. Ms. Gamez seeks to recover all legal and equitable relief to which she is entitled because of BrandSafway's unlawful actions, including the recovery of back pay, benefits, reinstatement or front pay, compensatory damages, punitive damages, pre-judgment interest, attorney's fees and costs.

### COUNT 2 - TEXAS COMMISSION ON HUMAN RIGHTS ACT
*DISCRIMINATION*

32. Ms. Gamez incorporates all allegations contained in the foregoing paragraphs.

33. BrandSafway is an employer as defined by the Chapter 21 of the Texas Labor Code, Texas Commission on Human Rights Act (hereinafter referred to as the "TCHRA"). TEX. LABOR

CODE § 21.002(8).  Ms. Gamez is an employee as defined by the TCHRA.  TEX. LABOR CODE § 21.002(7).

34. Ms. Gamez belongs to protected classes under the TCHRA, based on her race and national origin.  TEX. LABOR CODE § 21.051 (Hispanic and foreign-born/Honduran).

35. BrandSafway discriminated against Ms. Gamez in violation of the TCHRA based on Ms. Gamez's race and national origin by refusing to approve a raise for the Safety Assistant position; demoting her from Safety Tech to Carpenter; and terminating Ms. Gamez's employment.

36. To the extent that BrandSafway claims that Ms. Gamez resigned her employment, BrandSafway's discriminatory demotion made Ms. Gamez's working conditions so intolerable that a reasonable employee would feel compelled to resign and, as a result, constructively discharged Ms. Gamez.

37. BrandSafway's actions were intentional and done with malice or with reckless indifference to Ms. Gamez's protected rights.

38. BrandSafway's violations of the TCHRA damaged Ms. Gamez.  Ms. Gamez seeks to recover all legal and equitable relief to which she is entitled because of BrandSafway's unlawful actions, including the recovery of back pay, benefits, reinstatement or front pay, compensatory damages, punitive damages, pre-judgment and post-judgment interest, attorney's fees and costs.

### COUNT 3 - TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### *RETALIATION*

39. Ms. Gamez incorporates all allegations contained in the foregoing paragraphs.

40. Ms. Gamez engaged in protected activity under Title VII by opposing BrandSafway's discriminatory demotion.  *See* 42 U.S.C. § 2000e-3(a).

41. BrandSafway retaliated against Ms. Gamez by terminating Ms. Gamez's employment because she opposed practices in violation of Title VII.

42. BrandSafway's actions were intentional and done with malice or with reckless indifference to Ms. Gamez's protected rights.

43. BrandSafway's violations of Title VII damaged Ms. Gamez.  Ms. Gamez seeks to recover all legal and equitable relief to which she is entitled because of BrandSafway's unlawful actions, including the recovery of back pay, benefits, reinstatement or front pay, compensatory damages, punitive damages, pre-judgment interest, attorney's fees and costs.

### COUNT 4 - TEXAS COMMISSION ON HUMAN RIGHTS ACT
*RETALIATION*

44. Ms. Gamez incorporates all allegations contained in the foregoing paragraphs.

45. Ms. Gamez engaged in protected activity under the TCHRA by opposing BrandSafway's discriminatory demotion.  *See* TEX. LABOR CODE § 21.055.

46. BrandSafway retaliated against Ms. Gamez by terminating Ms. Gamez's employment because she opposed practices in violation of the TCHRA.

47. BrandSafway's actions were intentional and done with malice or with reckless indifference to Ms. Gamez's protected rights.

48. BrandSafway's violations of the TCHRA damaged Ms. Gamez.  Ms. Gamez seeks to recover all legal and equitable relief to which she is entitled because of BrandSafway's unlawful actions, including the recovery of back pay, benefits, reinstatement or front pay, compensatory damages, punitive damages, pre-judgment interest, attorney's fees and costs.

### JURY TRIAL

49. Ms. Gamez demands a trial by jury.

### PRAYER

WHEREFORE, Plaintiff GELUE GAMEZ respectfully prays that Defendant BRANDSAFWAY, LLC be cited to appear and answer and that, upon final hearing of the cause,

judgment be entered for Ms. Gamez against BrandSafway for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and other and further relief to which Ms. Gamez may be justly entitled at law or in equity.

Respectfully submitted,

/s/ *Mauro Ramirez*

**MAURO RAMIREZ**
TX State Bar No. 24060460
**RAMIREZ LAW, PLLC**
1980 Post Oak Blvd.
Suite 100
Houston, TX 77056
P: (713) 955-3480
F: (281) 768-3610
E: mauro@ramirezpllc.com

*Attorney for Plaintiff*